IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MORGAN JEROME BURTON, JR., #185425, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 3:23-CV-499-MHT-CSC ) |
| JACOB A. WALKER, III, et al., | ) ) |
| Defendants. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Morgan Jerome Burton, Jr., an inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action. Doc. 1. Upon review of the Complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A[1], and for the reasons set forth below, the undersigned RECOMMENDS that this case be DISMISSED prior to service of process as time-barred.[2]

---

[1] Because Plaintiff is proceeding *in forma pauperis*, the Court must review his pleading(s) under 28 U.S.C. § 1915(e)(2)(B). Under that statute, the Court is required to dismiss a complaint if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. Similarly, because Plaintiff is a prisoner seeking redress from a governmental entity, officer, or employee, the Court must review his pleading(s) under 28 U.S.C. § 1915A. Under that statute, the Court must dismiss a complaint, or any portion thereof, if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

[2] Plaintiff's Complaint is also subject to dismissal on numerous other grounds, including that he appears to have brought many of the same claims against the same Defendants in 2018, at which time he was informed that such claims were (1) time-barred; and (2) not cognizable in a 42 U.S.C. § 1983 action. *See Burton v. Crow et al.*, No. 3:18-CV-93 (M.D. Ala. 2018). However, because Plaintiff's present claims are barred by the applicable statute of limitations, the Court pretermits discussion of any further deficiencies.

**I.     PLAINTIFF'S ALLEGATIONS**

Plaintiff brings this suit against Judge Jacob Walker III and District Attorney Jessica Ventiere. Doc. 1 at 1, 2. He alleges that, on December 12, 2012, he was "illegally sentenced under the Habitual Offender Act[,] which was abolished in 2014." *Id*. at 2. He claims that this violates his Fifth and Fourteenth Amendment rights to due process and equal protection. *Id*. at 3. He further alleges, vaguely, that "due to outbreaks of COVID-19 and violence and rapes in Alabama Department of Correction" and the fact that he "was a victim to violence in 2020 [when] attacked by another inmate," his Eighth Amendment right against cruel and unusual punishment has been violated. *Id*. As relief, Plaintiff "request for this case to be expunge or exonate [sic]." *Id*. at 4.

**II.    DISCUSSION**

"All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (citation omitted). The governing limitations period in Alabama is two years. *Id.* (citing Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989)). Accordingly, to have his claims heard, Plaintiff must have brought them within two years from the date the limitations period began to run, which is generally the date "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (citing *Rozar v. Mullis*, 85 F.3d 556, 56–62 (11th Cir. 1996)).

The Complaint alleges that the underlying criminal case on which this action is based concluded in 2012, and the Habitual Offender Act was "abolished" by the Governor in 2014. Doc. 1 at 2–3. Thus, as of 2014, the facts which would support Plaintiff's purported due process and equal protection claims were apparent or should have been apparent to Plaintiff. The Complaint further vaguely alleges that Plaintiff was a victim of inmate violence in 2020. *Id*. at 3. Thus, as of 2020, the facts which would support Plaintiff's purported Eighth Amendment claim were apparent or should have been apparent to Plaintiff. However, Plaintiff did not file this action until July 25, 2023, more than two years after each limitations period began to run. As such, and because Plaintiff has provided no basis for tolling the statute of limitations, it is clear from the face of the pleadings that his § 1983 claims are time-barred and should be dismissed.[3] *See Smith v. Shorstein*, 217 F. App'x 877, 880 (11th Cir. 2007) ("The expiration of the statute of limitations warrants dismissing a complaint as frivolous.") (citing *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 641 n.2 (11th Cir. 1990)).

---

[3] To the extent Plaintiff seeks to state any separate claims based upon "COVID-19 and violence and rapes in Alabama Department of Correction" generally, this single allegation is far too vague and conclusory to establish a constitutional violation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (providing that a complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'") (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)); *see also Owens v. Sec'y of Fla. Dep't of Corr.*, 812 F. App'x 861, 870 (11th Cir. 2020) (citing *Leigh v. Warner Bros.*, 212 F.3d 1210, 1217 (11th Cir. 2000) ("[The Eleventh Circuit] has consistently held that conclusory allegations without specific supporting facts have no probative value.")). Regardless, the Court further notes that neither of the named defendants are employees of the Alabama Department of Corrections, and Plaintiff's sole requested relief is not cognizable in a § 1983 action pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).

## III.   CONCLUSION

Accordingly, for the reasons set forth above, the undersigned RECOMMENDS that this action be DISMISSED prior to service of process as time-barred.[4]

It is further ORDERED that, on or before **August 9, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

---

[4] Because Plaintiff's claims are barred by the applicable two-year statute of limitations, the undersigned finds that any amendment would be futile. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004) ("[A] district court may properly deny leave to amend the complaint . . . when such amendment would be futile."); *see also Bowhall v. Dep't of Def.*, No. 2:10-CV-607, 2010 WL 4806970, at *4 (M.D. Ala. Sept. 22, 2010) (noting that, because plaintiff's claims were clearly barred by Alabama's two-year statute of limitations, they warranted dismissal as frivolous and any amendment to the pleading would be futile).

DONE this 26th day of July, 2024.

                                  /s/ Charles S. Coody
                                  CHARLES S. COODY
                                  UNITED STATES MAGISTRATE JUDGE